UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
MAKHBUBA ABDUKHAMITOVA,                                             :   Civil Action: 16-CV-4909
                                                                    :
                                                                    :
                                               Plaintiff,           :   **SECOND AMENDED**
                                                                    :   **COMPLAINT**
         -against-                                                  :
                                                                    :
                                                                    :
THE CITY OF NEW YORK, POLICE OFFICER                                :   JURY TRIAL DEMANDED
RICHARD MOORE (SHIELD No: 26107),                                   :
SERGEANT ROBERT CZEREPAK (SHIELD NO                                 :
1488), POLICE OFFICER JOHNATHAN                                     :
MATAMOROS (SHIELD NO 3302), SERGEANT                                :
DONALD EVANS (SHIELD NO 4040) and JOHN                              :
DOE NO. 1 (Referring to police officers of the City of              :
New York whose exact names are presently                            :
unknown), individually and in their capacities as                   :
New York City Police Officers;                                      :
                                                                    :
                                               Defendants.          :
                                                                    X
-------------------------------------------------------------------

Plaintiff, **MAKHBUBA ABDUKHAMITOVA**, by and through her attorneys, complaining of the defendants herein, upon information and belief, allege as follows:

This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to Plaintiff by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1985, and arising under law and statutes of the State of New York and, accordingly, the jurisdiction of this Court is invoked under 28 U.S.C. § 1343(3) and any applicable pendent state law claims.

## **PARTIES**

1. MAKHBUBA ABDUKHAMITOVA ("Plaintiff") is a natural person residing at 3111 Brighton 1st Pl., #4H, Brooklyn, New York 11235.

2. Defendant THE CITY OF NEW YORK (the "CITY"), is a municipality organized under the laws of the State of New York. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendants Police Officers at all times relevant to this Complaint.

3. The New York City Police Department is an agency/department of the City of New York. It is responsible for the policies, procedures, and practices implemented by its employees and agents and for injury occasioned thereby. It was also the public employer of Defendants Police Officers at all times relevant to this Complaint.

4. Defendant RICHARD MOORE (Shield No: 26107) is a natural person and at all relevant times employed as police officer by Defendant the CITY OF NEW YORK and acting within the scope of his employment.

5. Defendant ROBERT CZEREPAK (Shield No.: 1488) is a natural person and at all relevant times employed as sergeant by Defendant the CITY OF NEW YORK and acting within the scope of his employment.

6. Defendant JOHNATHAN MATAMOROS (Shield No.: 3302) is a natural person and at all relevant times employed as police officer by Defendant the CITY OF NEW YORK and acting within the scope of his employment.

7. Defendant DONALD EVANS (Shield No.: 4040) is a natural person and at all relevant times employed as sergeant by Defendant the CITY OF NEW YORK and acting within the scope of his employment

8. Plaintiff brings this action against all public employees in their official and individual capacities.

9. At all times material to this Complaint, Defendants MOORE, CZEREPAK, MATAMOROS AND EVANS acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the State of New York, the State Of New York, the City of New York and the New York City Police Department.

## **JURISDICTION**

10. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1343(a), and 1367(a); and 42 U.S.C. § 1983.

11. Jurisdiction of this Court for the pendent claims is authorized by F.R.Civ.P. 18(a).

## **FACTS**

12. On or about the evening of September 3, 2015, the New York City Police Department responded to a call and arrived at or about the Premises of 2301 Ocean Avenue in Brooklyn, New York, in the County of Kings (the "Location").

13. The Defendants Moore, Czerepak, Matamoros and Evans (the "Defendant Police Officers" or "Police Officers") arrived at the Location in response to the call as stated hereinabove.

14. On September 3, 2015, Plaintiff was lawfully at or about the exterior of the aforesaid Location.

15. In response to the incident, the Plaintiff's son was wrongfully arrested and assaulted by the Defendant Police Officers at the location.

16. In response to the incident, the Defendant Police Officers were using excessive force as and against the son of Plaintiff.

17. As a consequence, thereof, the Plaintiff attempted to record the arrest and the incident involving her son.

18. In response, Defendant MOORE, assaulted and used unreasonable and excessive force against Plaintiff at or about the aforesaid Location, causing her *inter alia,* severe injuries, pain and suffering, fear for her life, emotional distress.

19. Additionally, Defendant EVANS, assaulted and used unreasonable and excessive force against Plaintiff at or about the aforesaid Location, causing her *inter alia,* severe injuries, pain and suffering, fear for her life, emotional distress.

20. During this time, the Police Officers continued to harass, threaten, and intimidated Plaintiff.

21. At all relevant times, Plaintiff posed no threat to the Police Officers. The above actions were taken without cause or provocation of any kind on the part of Plaintiff.

22. No subsequent complaint, information, or indictment was ever sworn against Plaintiff, alleging offenses occurring prior or subsequent to the complained of incident.

23. At no time did Defendants have probable cause to suspect Plaintiff of the commission of any crime.

24. As a proximate result of the foregoing, Plaintiff was caused to sustained serious bodily injury, as well as significant emotional distress, other pain and suffering, as well as medical expense and lost income.

25. On or about September 30, 2015, Plaintiff served a Notice of Claim upon Defendant the City Of New York.

26. A Statutory 50-H hearing was held on/or about December 31, 2015.

27. More than nine months have elapsed since the 50-H Hearing was held and Defendants have made no offer of settlement.

## **COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: POLICE BRUTALITY AND UNLAWFUL DETAINMENT**

28. Plaintiff repeats and realleges and incorporates by reference the allegations in the paragraphs above with the same force and effect as if herein set forth.

29. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. § 1983.

30. The Police Officers' assault upon Plaintiff was gratuitous, excessive and unreasonable.

31. The Police Officers' assault upon Plaintiff was taken in the absence of good faith on the part of Defendants.

32. The above actions taken against Plaintiff were undertaken pursuant to the policies, procedures, and practices promulgated by Defendant the City of New York and the New York City Police Department

5

33. Acting under the color of law, Defendants worked a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law including, but not limited to Plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

34. As a result of the concerted unlawful and malicious attack by Defendants, Plaintiff's civil rights were violation and she was deprived of both her liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded.

35. All of the foregoing constituted a depravation of plaintiffs civil rights under §1983 et. seq. U.S.C.

36. As a result of the foregoing plaintiff has been damaged in a sum of money in excess of the monetary limit of any Court of inferior jurisdiction.

37. As a result of the foregoing plaintiff is entitled to punitive damages.

38. As a result of the foregoing plaintiff is entitled to reasonable attorney's fees.


**COUNT 2: VIOLATION OF NEW YORK CIVIL RIGHTS LAW**

39. Plaintiff repeats and realleges and incorporates by reference the allegations in the above paragraphs with the same force and effect as if herein set forth.

40. At all times relevant herein, the conduct of all Defendants were subject to the New York Civil Rights Laws.

41. Acting under the color of law, Defendants worked a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal

law including, but not limited to Plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

42. Acting under the color of law, Defendants worked a denial of Plaintiff's rights, privileges or immunities secured by the New York Constitution or New York law.

43. As a result of the concerted unlawful and malicious attack and detainment by Defendants, Plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded.

**COUNT 3: 42 U.S.C. § 1983 -UNREASONABLE AND EXCESSIVE FORCE**

44. The above paragraphs are incorporated by reference as though fully set forth.

45. By their conduct, defendants, under color of law, deprived Plaintiff of her constitutional right to be free from excessive and unreasonable force.

**COUNT 4: 42 U.S.C. § 1983 - FAILURE TO INTERCEDE**

46. The above Paragraphs are incorporated by reference as though fully set forth.

47. By their conduct and under color of state law, it is believed defendant officers CZEREPAK, MATAMOROS and EVANS, each had opportunities to intercede on behalf of Plaintiff to prevent the excessive use of force and unreasonable seizure but due to their intentional conduct or deliberate indifference declined or refused to do so.

48. As a direct and proximate result, Plaintiff suffered the injuries and damages described above.

**COUNT 5: 42 U.S.C. § 1983 SUPERVISORY LIABILITY**

49.     The above paragraphs are incorporated by reference as though fully set forth.

50.     Defendants JOHN DOE NO. 1,at the relevant times, supervisory personnel at the New York City Police Department with oversight responsibility for line officers MOORE, CZEREPAK AND MATAMOROS.

51.     Defendants JOHN DOE NO. 1 is responsible for the training, instruction, supervision, and discipline of the officers, Defendants MOORE and EVANS, who assaulted Plaintiff and for CZEREPAK AND MATAMOROS, officers that failed to intercede.

52.     It is believed that these defendants received complaints about the conduct of POLICE OFFICERS, and other officers in the precinct, knew about past complaints, aberrant behavior, and disciplinary infractions, or, in the exercise of due diligence, would have perceived that these officers had conduct and disciplinary problems that posed a pervasive and unreasonable risk of harm to Plaintiff.

53.     These defendants knew, or in the exercise of due diligence would have known, that the conduct of Defendant Police Officer against Plaintiff was likely to occur.

54.     It is believed that these defendants failed to take preventative and remedial measures to guard against the assault and cover up committed by Defendant Police Officers.

55.     Had they taken appropriate action, Plaintiff would not have been injured.

56. For example, upon information and belief, the Police Department received a number of complaints concerning defendant Defendants Police Officer's excessive use of force on civilians.

57. The failure of these individual defendants to supervise and discipline DEFENDANT POLICE OFFICERS and the other officers of the precinct amounted to gross negligence, deliberate indifference, or intentional misconduct which directly caused the deprivations suffered by Plaintiff.

**COUNT 6: 42 U.S.C. § 1983 - SYSTEMIC CLAIM AGAINST CITY**

58. The above paragraphs are incorporated by reference as though fully set forth.

59. Prior to September 3, 2015, the CITY OF NEW YORK, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of Plaintiff's rights.

60. It was the policy and/or custom of the City to inadequately and improperly investigate civilian complaints of police misconduct and to punish inadequately those complaints which were substantiated.

61. It was the policy and/or custom of the City to allow and instruct its police officers to prevent surveillance and recordings by innocent bystanders of the actions and arrests of police officers, even if such prevention resulted in misconduct and the unreasonable use of force.

9

62. The acts preventing recordings and surveillance of police actions and arrest and the unreasonable use of force were tolerated by the City and the City has substantially failed in its responsibilities to investigate misconduct and discipline transgressors.

63. Police officers of the City of New York have for years engaged in a pattern and practice of actively and passively preventing bystanders from taping them in action and recording their arrests.

64. Police officers of the City of New York have for years engaged in a pattern and practice of actively and passively covering up the misconduct of fellow officers by failing to come forward or failing to accurately give evidence as to misconduct of which they are aware, thereby establishing and perpetuating a "code of silence*"

65. This "code of silence" is a custom so deeply ingrained in the New York City Police Department so as to constitute the policy of the City of New York.

66. The City has been deliberately indifferent to the need for more or different training, rules and regulations relating to bystanders recording their acts while in the line of duty, including their arrests, and police officers who witness or have information regarding misconduct by fellow officers.

67. The City has failed to properly sanction or discipline officers who prevent surveillance of their actions while in the line of duty, use unreasonable force against bystanders and civilians, and officers who aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other New York City police officers, thereby causing and encouraging New York City police officers, including the individual defendant officers in this case, to violate the rights of citizens such as Plaintiff.

68. As a direct and proximate result of the City and their deliberate indifference, defendants violated Plaintiff's constitutional rights for which she suffered substantial damages.

**COUNT 7: ASSAULT & BATTERY**

69. The above paragraphs are incorporated by reference as fully set forth.

70. The Police Officers intentionally created in Plaintiff a reasonable apprehension of immediate physical harm by their conduct, to wit, shoving her, striking her, throwing her to the ground, beating her, and otherwise attacking Plaintiff.

71. Any reasonable person would have become apprehensive in the face of the Police Officer's threatening conduct.

72. Without the consent of Plaintiff, the Police Officers intentionally, harmfully, and offensively touched Plaintiff by striking her, shoving her, throwing her to the floor, beating her, and otherwise attacking Plaintiff.

73. Defendants the CITY OF NEW YORK are liable under the doctrine of respondeat superior.

74. The intentional acts complained of constitute an assault and battery on Plaintiff.

75. WHEREFORE, Plaintiff demands judgment against Defendant Officers in the amount of $3,000,000.00 plus interest and costs, and also demands exemplary damages and such other and further relief as this Court may deem just, proper and equitable.

**COUNT 8: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

76. Plaintiff repeats and realleges and incorporates by reference the allegations in the above paragraphs with the same force and effect as if herein set forth.

77. Defendants intentionally or recklessly inflicted emotional distress on Plaintiff by violating her constitutional rights, by unlawfully striking her and brutally throwing her to the ground, by interfering with her state civil rights and by other acts where Defendants knew or should have known that emotional distress was the likely result of their conduct.

78. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

79. The actions of the Defendants were the cause of Plaintiff's distress.

80. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable person could be expected to endure.

81. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

82. As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

83. Defendants the CITY OF NEW YORK are liable under the doctrine of respondeat superior.

84. **WHEREFORE**, Plaintiff demands judgment against Defendant Officers in the amount of $3,000,000.00 plus interest and costs, and also demands exemplary damages and such other and further relief as this Court may deem just, proper and equitable.

**COUNT 9: NEGLIGENCE**

85. Plaintiff repeats and realleges and incorporates by reference the allegations in the above paragraphs with the same force and effect as if herein set forth.

86. Defendant the CITY OF NEW YORK owed a duty to supervise, control and train the Police Officers and to take steps to prevent events such as occurred here.

87. Defendant the CITY of NEW YORK breached that duty by failing to adequately supervise, control and train the Police Officers.

88. The Police Officers owed a duty to act according to the standard of ordinary care of a police officer.

89. The Police Officers' actions breached said duty.

90. As a result of those breaches, which were the proximate causes of Plaintiff's injury, Plaintiff suffered harm and damages.

91. Defendant THE CITY OF NEW YORK is also liable for the negligence of the Police Officers under the doctrine of respondeat superior.

**COUNT 10: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

92. Plaintiff repeats and realleges and incorporates by reference the allegations in the above paragraphs with the same force and effect as if herein set forth.

93. The Police Officers continually negligently inflicted emotional distress on the Plaintiff.

94. The Police Officers had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on the Plaintiff.

95. The Police Officers breached their duties to Plaintiff.

96. Plaintiff never interfered with the Police Officers' obligations under the above-described duties.

97. Plaintiff suffered not only physical symptomatologies but also, as a consequence of the physical injury, mentally by the Police Officers' breach of duty.

98. Plaintiff was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of the Police Officers.

99. Defendant THE CITY OF NEW YORK are also liable for the negligence of the Police Officers under the doctrine of respondeat superior.

100. As a result of the Defendants' negligent conduct, Plaintiff has suffered and will continue to suffer physical symptomatologies, pain, anguish, severe emotional trauma, embarrassment, and humiliation.

**COUNT 11: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

101. Plaintiff repeats and realleges and incorporates by reference the allegations in the above paragraphs with the same force and effect as if herein set forth.

102.   By their actions, as set forth above, defendants Police Officers, and other unknown John Doe police officers inflicted harm upon Plaintiff without excuse or justification, out of disinterested malevolence.

103.   As a result of the Defendants' negligent conduct, Plaintiff has suffered and will continue to suffer physical symptomatologies, pain, anguish, severe emotional trauma, embarrassment, and humiliation.

**WHEREFORE**, Plaintiff demands judgment on all counts against all the Defendants jointly and severally, for actual, general, special, and compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in an amount to be determined at a trial of this action, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Dated: New York, NY
           April 10, 2018

By: _____
Martin Wolf, Esq.
Attorneys for Plaintiff
225 Broadway, Suite 3105
New York, New York 10007
(212) 608-1660